Edward Charles PICKENS a/k/a
Larry COAKLEY *v.* STATE of Arkansas

CR 76-186 551 S.W. 2d 212

Opinion delivered June 6, 1977
(In Banc)

*Willis Plant,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jackson Jones* and *Robert A. Newcomb,* Asst. Attys. Gen., for appellee.

CONLEY BYRD, Justice. Cloud's Grocery store at Casscoe, Arkansas was held up by three Negro men wielding a sawed-off shot gun and a .22 pistol. After raping the female clerk, the holdup men caused the woman, the store's owner and seven of the customers, all of whom had been robbed, to lie on the floor with their faces down. While in that position, seven people were shot by a .22 pistol. The .22 pistol was reloaded and fired a second time into several of the victims. Harold Goacher described the holdup men as being two dark Negro men and a light colored one. It was Goacher's testimony that the two dark Negro men took turns in firing the .22 pistol. Appellant Edward Charles Pickens, a/k/a Larry Coakley, an ex-convict from the State of Michigan, admits that he was present when the shooting occurred but insists that the light colored Negro man was the one who shot the victims in order to prevent the victims from identifying the holdup men. Some, but not all of the victims survived. The jury found appellant guilty of Capital Felony Murder of Wes Nobles, one of the Negro customers at the grocery store. After hearing additional testimony in a bifurcated trial the jury returned a verdict fixing appellant's punishment at death by electrocution. For reversal, appellant raises the issues hereinafter discussed.

POINT I. We find no merit to appellant's contention that it was error for the trial court to allow two Deputy Attorneys General to act as special prosecutors. This Court has long recognized that it is permissible for the prosecuting attorney to request the assistance of special counsel in the prosecution of a criminal case; *Coon v. State,* 109 Ark. 346, 160 S.W. 226 (1913). No abuse of the trial court's discretion is shown in the case before us.

POINT II. The record shows that appellant moved to adopt the pretrial pleadings and motions filed on behalf of Sherwood Vincent Gooch. The trial court permitted appellant to adopt Gooch's motion but in doing so specifically provided that the change of venue in appellant's case would be to the Southern District of Prairie County rather than to the Northern District in Gooch's case. Appellant did not thereafter object to the venue and cannot now contend that the trial was held in an improper place.

POINT III. After the trial but before the transcript of the testimony was prepared, the home of the official court reporter was destroyed by fire. Appellant at that time moved for a new trial on the basis that the tape recordings made by the court reporter during the course of the proceedings were destroyed and consequently, the court reporter could not necessarily make a full, complete, exact and accurate transcription of the record at trial. Appellant's motion recognized, however, that the court reporter still had her shorthand notes. The trial court, in overruling appellant's motion, made the following finding, to-wit:

". . . That from the reporter's shorthand record of the trial proceeding the court reporter has prepared a true and accurate transcription of the trial proceeding herein and certified same in the usual manner and a copy thereof has been filed with the Circuit Court Clerk at DeValls Bluff, Arkansas and also a copy of same has been delivered to the attorney for the defendant on September 7, 1976. That defendant's attorney was advised that if he could show the Court within twelve days wherein any material mistake or objection was made and/or omitted, the transcript would be corrected ac-

cordingly. There has been no such mistake or omission presented to the Court."

On the basis of the trial court's finding, we must conclude that the motion for new trial was properly overruled. We note that in some instances there are some omissions of isolated words in the transcript, however, appellant does not contend that the transcript before the Court omits any matters of consequence.

POINT IV. Appellant contends that he was denied his Sixth Amendment right to counsel at two critical stages of the prosecution which also had the effect of vitiating his Fifth Amendment rights. These contentions have no merit. The totality of the evidence shows that appellant voluntarily waived his right to counsel and signed a confession after he was fully informed of his rights pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The record also shows that appellant voluntarily waived his right to counsel in the line-up identification conducted after his arrest by the Memphis, Tennessee Police.

For the first time on appeal appellant contends that the signing of the rights waiver by appellant did not appear in the response to the Bill of Particulars filed by the State. In making the suggestion, appellant does not intimate that he was in any manner prejudiced by the State's alleged failure. Furthermore, the Bill of Particulars Item 1(29) lists "Line-up rights form" as having been furnished to the attorney for appellant. See also Item 4(1) of the Bill of Particulars which refers to a waiver of rights form. Also we do not consider issues raised for the first time on appeal.

POINT V. Appellant contends that the evidence found in the stolen automobile that he and his confederates abandoned in Memphis shortly before their apprehension should have been suppressed because the police did not secure a search warrant. We do not understand the law to require a search warrant before the police can search an abandoned vehicle from which a defendant flees to prevent apprehension by the police. See J. Varon, *Searches, Seizures and Immunities*, Chapter III, § 3 at 183 (2d Ed. 1974).

Neither do we find any merit to appellant's contention that the diamond wedding band taken from the rape victim during the holdup should be suppressed. See *United States* v. *Edwards,* 415 U.S. 800, 94 S. Ct. 1234, 39 L. Ed. 2d 771 (1974). The record shows that the ring was removed from appellant's little finger during a custodial search at the jail in Memphis after his arrest.

The .22 pistol was found by an alert citizen on the streets of Memphis near the point of appellant's apprehension by the officers. Appellant is not in a position to claim an illegal search.

Appellant under this point also suggests that there was no direct link established between him and the gun found by the Memphis citizen. The record shows that Captain McDonald, a ballistics expert, identified the bullet found in Wes Nobles, the decedent, as having been fired from the recovered .22 pistol. Furthermore, appellant admits that he handled the .22 pistol that was fired into the robbery victims. Consequently, this contention has no merit.

POINT VI. Finally appellant contends that the imposition and carrying out of the sentence of death by electrocution for the crime of Capital Felony Murder under the law of Arkansas violates the Eighth or Fourteenth Amendment to the Constitution of the United States. We find no merit to the contentions made. See *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977), *Neal* v. *State,* 261 Ark. 336, 548 S.W. 2d 135 (1977), *Giles* v. *State,* 261 Ark. 413, 549 S.W. 2d 479 (1977), *Gregg* v. *Georgia,* 428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976), *Proffitt* v. *Florida,* 428 U.S. 242, 96 S. Ct. 2960, 49 L. Ed. 2d 913 (1976) and *Jurek* v. *Texas,* 428 U.S. 262, 96 S. Ct. 2950, 49 L. Ed. 2d 929 (1976).

In making its findings on aggravating and mitigating circumstances the jury made the following specific findings:

"The Defendant was, beyond a reasonable doubt, previously convicted of another capital felony or of a felony involving the use or threat of violence to the person.

The Defendant did, beyond a reasonable doubt, in the commission of the capital felony, knowingly create a great risk of death to one (1) or more persons in addition to the victim.

The capital felony was, beyond a reasonable doubt, committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.

The capital felony was not committed by another person and the Defendant was not an accomplice or his participation relatively minor."

There is substantial evidence to support the jury's findings on each of the above facts and in the absence of any mitigating circumstances, we can find no basis in the record to hold that the sentence of death was wantonly or freakishly imposed against appellant. Like *Neal* v. *State, supra,* this is just another example of a robber who makes the cold-blooded calculation that by annihilating his victim he thereby eradicates an eyewitness to his crime. Society has every right to display an indignant and moral outrage at such offensive conduct and no court should hold that a jury cannot respond to such a grievous affront to humanity by invoking the death penalty in accordance with the laws of the State.

A search of the record shows no other objection made by appellant in the trial court that is worthy of comment.

Affirmed.

GEORGE ROSE SMITH, HOLT and HICKMAN, JJ., concur in the result but adhere to the views expressed in *Collins* v. *State,* 261 Ark. 195 (1977).