Mark S. LINDER *v.* STATE of Arkansas

CR 81-10                                     620 S.W. 2d 944

Supreme Court of Arkansas
Opinion delivered September 14, 1981

*Michael R. Landers,* for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. Appellant, Mark S. Linder, was charged with capital murder. The jury found him guilty and he was sentenced to life imprisonment without parole. We affirm.

The proof is overwhelming that appellant killed Alex Naccarato during the course of a robbery. Disinterested witnesses saw appellant enter Wolfie's Tavern in El Dorado around 6:00 p.m. on March 27, 1980. He ordered a pitcher of beer and paid for it with nickels, dimes and quarters. The waitress who served him did not see him with any paper money. He sat alone and spoke to no one. Around 8:30 p.m. Alex Naccarato entered the tavern and visited with friends. He had been paid that day and was observed with a sizeable amount of paper money in his possession. At approximately 9:00 p.m. appellant, who had consumed only about a third of the pitcher of beer in three hours, got up and asked Naccarato if he could talk to him outside the building.

Joe Carroll, the tavern owner, watched as the two men went outside and became concerned when he saw appellant make a motion with his arm. Naccarato was in front of appellant as they walked to the side of the tavern. Witnesses saw no one else in the area. Appellant and Naccarato were out of sight only six to eight seconds when Carroll and others inside the tavern heard a number of gunshots. Carroll grabbed his .45 caliber pistol and ran outside as appellant headed toward the street. Appellant had his right hand down in his trousers and a pistol in his left hand. Carroll rushed

forward and appellant raised his pistol. After a struggle Carroll finally knocked appellant's pistol about ten feet away and "straddled" him. While waiting for the police Carroll said, "You just killed one of my best friends," and appellant responded, "He's a freak or a queer. He won't bother anybody any more."

The police arrived shortly. Two policemen arrested appellant and placed him in their patrol car while a detective recovered a pistol about ten feet from the place of the struggle. That pistol was a .22 caliber nine-shot revolver with eight expended rounds. Expert testimony later identified the gun as the one which fired the bullets that killed Alex Naccarato.

En route to the police station Officer Campbell saw appellant taking paper money from his right front pocket and placing it in his right rear pocket. At the police station appellant was searched and Officer Campbell testified that he found four fifty-dollar bills, one ten-dollar bill and five one-dollar bills in appellant's rear right pocket. The officer testified that appellant had 45 cents and perhaps a dollar bill somewhere else, but he did not remember where. Detective Leverett testified that he noticed a stain on one of the one-dollar bills and sent that bill to the state Crime Laboratory for examination. A forensic serologist testified that the stain was human blood but that it could not be typed because the sample was insufficient. Naccarato's billfold was found in the crotch of appellant's pants. It contained Naccarato's identification papers and credit cards but no money.

The State Medical Examiner testified that the victim suffered six contact, or point blank, gunshot wounds and five of them were potentially fatal. He testified that he performed a trace metal test and a gunpowder test on the hands of Naccarato and that he had neither handled nor fired a gun immediately before his death. A search of the victim's clothes revealed only two one-dollar bills and 84 cents in change. His billfold was missing.

Practically all of the evidence offered on behalf of appellant was given in an attempt to prove the defense of

insanity. The questions before the jury were whether appellant killed Alex Naccarato in the course of a robbery and whether the shooting was the irrational act of one who was mentally ill to the degree of legal irresponsibility. Appellant contends that it was error to admit into evidence the stained dollar bill and the testimony of the serologist because they were not relevant to the issues. We disagree. Both the stained dollar bill and the testimony of the serologist were relevant, because they tended to show, as circumstantial evidence, that appellant killed the victim in the course of robbing him. Rule 401, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Parker* v. *State,* 266 Ark. 13, 582 S.W. 2d 34 (1979).

Appellant also contends that the trial court erred in admitting into evidence two photographs of the body of the victim. The photographs show some of the bullet wounds which the victim received. Appellant's defense of insanity did not relieve the State of the burden of proving every element of the charge. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979). The two photographs showing the wounds enabled the jury to understand what took place. The nature, extent and location of the wounds were relevant to the question of intent and state of mind. There was no abuse of the trial judge's discretion in weighing the value of the two photographs against the danger of unfair prejudice.

Pursuant to Rule 11 (f) the record of the trial below has been examined, and we find no prejudicial error.

Affirmed.