Eddie Lee MILLER *v.* STATE of Arkansas

CR 79-80                                            621 S.W. 2d 482

Supreme Court of Arkansas
Opinion delivered September 28, 1981

*Ray Hartenstein*, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. In November, 1978, the petitioner was convicted of capital felony murder in the death of W. F. Bolin, a storekeeper whom Miller robbed and then, as the jury evidently believed, murdered to remove Bolin as a possible witness to the robbery. We affirmed the sentence of death. *Miller* v. *State*, 269 Ark. 341, 605 S.W. 2d 430 (1980), cert. den. 450 U.S. 1035 (1981). Miller now seeks postconviction relief under Criminal Procedure Rule 37.2.

Rule 37.2 provides that if a criminal conviction has been appealed to this court, postconviction proceedings in the trial court cannot be maintained without the prior permission of this court. Here, however, Miller does not seek any further hearing in the trial court; he merely presents constitutional arguments based upon the record on the original appeal. It is not the purpose of Rule 37.2 to provide a substitute for appeal, an alternative method of reviewing mere errors in the conduct of the trial, or an opportunity for a belated petition for rehearing. *Neal* v. *State*, 270 Ark. 442, 447, 605 S.W. 2d 421 (1980); *Hulsey* v. *State*, 268 Ark. 312, 595 S.W. 2d 934, 599 S.W. 2d 729 (1980), cert. den. 449 U.S. 938 (1980). We therefore need not discuss all the arguments in the present petition. *Hulsey, supra.*

Two related arguments are directed to the qualification of the jury. First, it is contended that the trial judge excused

for cause three jurors who were not unequivocally opposed to considering the imposition of the death penalty. The original record shows, however, that each of the three was properly excused under the doctrine of *Witherspoon* v. *Illinois*, 391 U.S. 510 (1968): Juror Vogel, record p. 240; Juror Washington, record pp. 245 and 247; Juror Whitehead (Heard), record pp. 334-336.

Second, a related argument is that the veniremen should also have been examined to determine whether they could even find the defendant guilty, because a statute has recognized implied bias when a juror entertains such conscientious opinions as would preclude him from finding the defendant guilty of an offense punishable by death. Ark. Stat. Ann. § 43-1920 (7) (Repl. 1977). That statute was adopted in 1869, when the death penalty was mandatory for certain offenses, such as first-degree murder and rape. But in 1915 the legislature gave juries the option of imposing life imprisonment in all capital cases; so the existence of implied bias necessarily shifted from the mere finding of guilt to the imposition of the death penalty. See *Needham* v. *State*, 215 Ark. 935, 224 S.W. 2d 785 (1949). Thus the petitioner's argument is without merit.

Petitioner asserts a denial of equal protection of the laws, because the prosecuting attorney may charge either capital felony murder or first-degree murder when the murder is committed in the perpetration of robbery or six other specified felonies. *Cromwell* v. *State*, 269 Ark. 104, 598 S.W. 2d 733 (1980). Essentially the same argument was rejected with respect to overlapping federal offenses in *United States* v. *Batchelder*, 442 U.S. 114 (1979). There the court held that where two federal statutes authorized different ranges of punishment for the same conduct, the prosecutor's discretionary decision to proceed under the more severe statute did not involve a denial of the process or equal protection. That case is controlling on the point now argued.

Petitioner's other principal arguments are: (1) Our standard of appellate review, as expressed upon Miller's original appeal, does not guarantee a proper review of the

sentencing process; (2) the prohibition against double jeopardy precludes pecuniary gain's being considered as an aggravating circumstance in a case of murder in the perpetration of robbery (also argued in *Hulsey*); (3) the trial judge should have required a sequestered voir dire of each juror, although it was not requested; (4) our death penalty statute is unconstitutional (an issue raised on the direct appeal); and (5) the failure of Miller's counsel to raise arguments such as those now presented amounted to ineffective assistance. As in *Hulsey*, these arguments do not show that the original proceeding was void and hence do not call for postconviction relief.

Petition denied.