David WILLIAMS *v.* STATE of Arkansas

CR 80-217                                        621 S.W. 2d 686

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*E. Alvin Schay,* State Appellate Public Defender, and *James Davis,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, David Williams, was charged with capital murder, the information alleging that on July 8, 1979, David Williams, while committing burglary and aggravated robbery, premeditatedly and deliberately caused the death of Ruby Lynn Williams (a man apparently not related to the defendant David Williams). The jury imposed the death penalty. Several points for reversal are argued, not all of which require discussion.

On the night of the murder Ruby Lynn was spending the night at the home of Doris Soloman, in the Mandeville community in Miller county. Several years earlier Doris had lived with the defendant. There were other persons at the house that evening. At about 8:30 p.m. an argument arose between Doris and David, the defendant. As a result Doris and Ruby Lynn persuaded David to leave and drove him to the house where he was staying in Texarkana.

We need not detail the proof of the murder, as the sufficiency of the evidence is not questioned. There was no eyewitness to the actual killing, but the State's proof showed that after midnight David returned to Doris's house, gained entry by cutting a screen, and killed Ruby Lynn by stabbing him 18 times as he lay in bed. David also stabbed Doris in the arm and back, but she escaped to the house next door. The police were called. When they arrested David at about daylight he was in bed asleep, wearing bloody shorts. His clothes nearby were heavily soaked with blood. In his trouser pockets the police found David's billfold and also Ruby Lynn's billfold containing three one-hundred-dollar bills. David had been released from the penitentiary a few weeks earlier. His parole officer testified that at about 4:15 a.m. David telephoned and said that he had cut Doris Soloman and Ruby Williams. He wanted the officer to call the hospital and find out about Ruby's condition.

The appellant's first assignment of error must be sustained. The capital murder statute, in enumerating the

aggravating circumstances to be considered by the jury, lists as one such circumstance the fact that "the person previously committed another felony an element of which was the use or threat of violence to another person or creating a substantial risk of death or serious physical injury to another person." Ark. Stat. Ann. § 41-1303 (Repl. 1977). Over the defendant's objection the court allowed the jury to consider a single previous conviction, which was for burglary with no details about the offense being supplied. The jury found the existence of the aggravating circumstance just mentioned, plus two others: the creation of a great risk of death to a person other than the victim of the homicide and the commission of the murder for pecuniary gain. No mitigating circumstances were found.

Under the Criminal Code a person commits burglary if he enters or remains unlawfully in another person's occupiable structure with the purpose of committing therein an offense punishable by imprisonment. § 41-2002. Thus burglary can be committed by an unlawful entry into a vacant house, with no possibility of violence or injury to anyone. The jury had no substantial basis for finding this particular aggravating circumstance, which should not have been submitted without proper supporting proof. See our opinion, delivered after the trial of the case at bar, in *Miller* v. *State*, 269 Ark. 341, 605 S.W. 2d 430 (1980), cert. den. 450 U.S. 1035 (1981).

We cannot, as the State urges us to do, hold the error to be harmless on the theory that the jury found two other aggravating circumstances and no mitigating ones. The jury must find not only that the aggravation outweighs the mitigation but also that the aggravating circumstances "justify a sentence of death beyond a reasonable doubt." § 41-1302 (1) (c). In a death case we are not in a position to speculate about what the jury might have done if it had found only two aggravating circumstances instead of three. Hence, following the practice adopted in *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977), cert. den. 434 U.S. 894 (1977), we direct that the sentence be reduced to life imprisonment without parole unless the Attorney General

requests within 17 days that the case be remanded for a new trial.

We find no merit in the appellant's second point, that the trial judge unduly restricted defense counsel during the voir dire examination of the veniremen. This is a matter lying primarily within the trial judge's discretion, *Van Cleave* v. *State*, 268 Ark. 514, 598 S.W. 2d 65 (1980), and counsel have not pinpointed any particular instance in which the trial judge's discretion was manifestly abused.

The appellant's fifth point concerns an inquiry made by the jury during its deliberations about the possible punishment. The jurors apparently wanted to know if they could find that the aggravating circumstances outweighed the mitigating ones and nevertheless impose only a life sentence. The trial judge told the jury, after a discussion with the attorneys, that he could not answer the question. The jury should have been told that even though the aggravating circumstances were found to outweigh the mitigating ones, a life sentence could still be imposed. That error, however, as well as the remaining points for reversal, does not necessitate a new trial in view of our having set aside the death sentence.

The judgment is conditionally modified, as stated.