Charles Martin NEAL *v.* STATE of Arkansas

CR 81-39                                    623 S.W. 2d 191

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*Latham & Watkins,* by: *Reed E. Hundt,* Washington, D.C., *Patrick T. Seaver,* Los Angeles, Calif., and *Michael Chertoff,* Washington, D.C.; and *William R. Wilson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

PAUL B. BENHAM, III, Special Chief Justice. In 1980, Appellant was given permission to seek postconviction relief in the trial court under Criminal Procedure Rule 37 on the basis of allegations of ineffective assistance of counsel at his bifurcated trial in which he was convicted of capital felony murder in connection with a robbery and sentenced to death. *Neal* v. *State*, 270 Ark. 442, 605 S.W. 2d 421 (1980). In his petition for relief under Rule 37, Appellant requested the appointment of counsel to assist him. The trial court appointed counsel who had not represented Appellant either at the trial or during the ensuing appeals. After an evidentiary hearing, the trial court denied relief and Appellant appeals, asserting that the trial court erred in refusing to grant a continuance of the Rule 37 hearing and in concluding Appellant had not been denied the effective assistance of counsel during the conviction and penalty phases of his trial.

Because we have only found error with regard to the sentencing phase of Appellant's trial, we are affirming Appellant's conviction but modifying the sentence to be life imprisonment without parole unless the Attorney General elects to request a remand for a new trial.

In arriving at our decision, we were impressed by the similarity between the facts involved in this appeal and those facts present in *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479, *cert. denied* 434 U.S. 894 (1977). The closeness of the factual similarity persuades us that the results should also be similar. Consequently, we have rejected Appellant's arguments that we should reverse the trial court and either vacate Appellant's conviction or remand this case for a new hearing under Rule 37.

Appellant's appeals in 1975 (259 Ark. 27, 531 S.W. 2d 17) and in 1977 (261 Ark. 336, 548 S.W. 2d 135, *cert. denied* 434 U.S. 878) questioned the sufficiency of the evidence to support findings that Appellant's mental capacity was not diminished to the point of insanity and that Appellant's diminished mental capacity was not a mitigating circumstance. In each appeal, this court concluded that the evidence was sufficient to support such findings. This appeal,

however, does not question the sufficiency of the evidence, but raises for the first time the question of the sufficiency of the assistance provided by Appellant's trial counsel.

Appellant's arguments that trial counsel failed to provide him adequate assistance make it necessary for us to focus separately on the conviction and penalty phases of the trial. Appellant's arguments can be summarized as follows:

1.   That the trial court erred in failing to continue the Rule 37 hearing in order for Appellant's chosen counsel to be present;

2.   That the trial court erroneously applied the "farce and mockery" test rather than the test of "customary skills and abilities of a reasonably competent attorney," when determining the adequacy of trial counsel's assistance;

3.   That the trial court erroneously concluded that trial counsel adequately assisted Appellant during the conviction phase since trial counsel failed to raise the defense of diminished mental capacity, failed to present sufficient evidence of insanity, and failed to object to the introduction of Appellant's confession; and

4.   That the trial court erroneously concluded trial counsel adequately assisted Appellant in the sentencing phase, since trial counsel failed to introduce evidence or to argue about Appellant's diminished mental capacity as a mitigating circumstance.

Appellant has not persuaded us that the trial court erred in denying postconviction relief with regard to the conviction phase. The arguments on this point are essentially that trial counsel failed to do something, but Appellant has not shown a different result would have followed if trial counsel had acted as Appellant now urges. Appellant's confession was found to have been voluntarily made (*Neal*, 259 Ark. at 36, 231 S.W. 2d at 22) so that any objection to its introduction questioning its validity would have been futile. At the trial, expert testimony established that Appellant was "without

psychosis'' but Appellant has not shown that any contrary evidence was available. Other witnesses testified that Appellant's mental capacity was diminished but Appellant has not shown that additional testimony would have been anything other than cumulative. As in *Cason v. State,* 271 Ark. 803, 610 S.W. 2d 891 (1981), we think it futile to order a new trial without any showing that facts favorable to Appellant could be developed.

Appellant has also asserted error in the trial court's failure to continue the Rule 37 hearing to permit Appellant's chosen counsel to appear. The record reflects Appellant requested court-appointed counsel and the trial court complied with this request. A colloquy between the trial court and appointed counsel, prior to the Rule 37 hearing, reveals that a law firm located outside of Arkansas contacted the trial court and appointed counsel purporting to represent Appellant. The same firm had represented Appellant in his petition for a Rule 37 hearing, in which court-appointed counsel had been requested, but it had not appeared as Appellant's attorney of record in the proceedings before the trial court. After appointed counsel indicated that witnesses were present to testify, the trial court refused to continue the Rule 37 hearing. Because of our decision to reduce Appellant's sentence, we cannot say that Appellant has been prejudiced by the trial court's action. For the same reason, we feel a new Rule 37 hearing would be futile.

Appellant has also argued the trial court erred in concluding that trial counsel adequately assisted him in the sentencing phase of the trial. We agree. During the guilt phase, evidence as to Appellant's diminished mental capacity was introduced. That fact has different significance in the determination of Appellant's guilt and in the imposition of a sentence once guilt has been determined. Because Appellant's diminished mental capacity did not render him insane does not mean that Appellant has sufficient mental capacity to be able to conform his conduct to the requirements of law. This court recognized the validity of that distinction in *Giles* and it is equally valid here.

While the jury could have considered the evidence of

diminished mental capacity in determining whether mitigating circumstances existed (*Neal*, 259 Ark. at 35, 531 S.W. 2d at 22), trial counsel did little to impress the jury with the significance of this evidence as mitigating against a sentence of death. The record reflects trial counsel's attempts at introducing during the sentencing phase additional evidence of Appellant's diminished mental capacity, but these efforts were abandoned without any real success. Also reflected is the existence of expert testimony that Appellant could have been influenced by others to commit the criminal acts with which he was charged, but this testimony was never introduced. Closing statements of trial counsel were brief and, more importantly, failed to call the jury's attention to the significance of Appellant's diminished mental capacity.

Regardless of whether the "farce or mockery" test or the "reasonable competence" test is applied, we have no alternative to concluding that Appellant was not adequately assisted by counsel during the sentencing phase and that the trial court erred in concluding otherwise.

We may not speculate about what a jury might have done if it had considered different combinations of aggravating and mitigating circumstances. *Williams* v. *State*, 274 Ark. 9, 621 S.W. 2d 686 (1981). Having found error in the sentencing phase of the trial, we shall follow the course charted in *Giles* and *Williams* and direct that Appellant's sentence be reduced to life imprisonment without parole unless the Attorney General timely requests a remand for a new trial.

ADKISSON, C.J., disqualified.