Booker T. WESTBROOK *v.* STATE of Arkansas

CR 81-68                              624 S.W. 2d 433

Supreme Court of Arkansas
Opinion delivered November 23, 1981

*Julius D. Kearney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On August 29, 1977, the appellant shot and killed the Dermott Chief of Police in the course of a struggle between the two men for possession of the officer's pistol. The appellant was charged with capital murder. After the first trial a judgment imposing the death penalty was reversed for errors prejudicial to the defendant. *Westbrook* v. *State,* 265 Ark. 736, 580 S.W. 2d 702 (1979). The venue was changed to Ashley county. This appeal comes from a second trial at which the appellant was again found guilty of capital murder and was sentenced to life imprisonment without parole. We find no prejudicial error in the four points that are argued or elsewhere in the abstracts and briefs submitted by counsel.

First, it is argued that the court should have granted the defendant's motion to quash the jury panel for racial discrimination in its selection. There was actually no positive proof of the percentage of black citizens in the county, nor of an actual underrepresentation of blacks on the jury panel, nor of any discrimination by the jury commissioners in the selection of the jury panel. It is now argued that various sections of the statutes, especially Ark. Stat. Ann. § 39-102 (Supp. 1981), afford jury commissioners a possible means of discriminating against blacks in the selection process. Even so, the statutes are not unconstitutional on their face, because they can be put into effect without any racial discrimination whatever. *Waters & Adams* v. *State,* 271 Ark. 33, 607 S.W. 2d 336 (1980). Here the essential fact of actual, purposeful discrimination has not been shown.

Second, it is again urged that the defendant was entitled to the appointment of an independent psychiatrist at public expense. That contention was rejected on the first appeal and is barred by the law of the case. Moreover, the defendant was twice sent to the State Hospital for examination, with findings that he was without psychosis, and expert witnesses gave testimony favorable to him on the issue of his mental capacity.

Third, on a related point it is argued that the trial judge, after a hearing in chambers, should have acquitted the defendant on the ground of mental disease or defect. Ark. Stat. Ann. § 41-609 (Repl. 1977). The testimony was in decided conflict with respect to the defendant's mental capacity. The trial judge properly refused to take the issue from the jury, to whom it was later submitted at the trial. As the Commentary to Section 41-609 of the Criminal Code points out, the statute permits the trial judge to acquit the defendant "in cases of extreme mental disease or defect where the lack of responsibility on the part of the defendant is clear," it being contemplated that the defendant will then be hospitalized. That was not the situation in this case. Quite the contrary, the trial judge would have been wrong if he had acquitted the appellant upon the conflicting proof presented at the hearing.

Fourth, it is argued that the trial judge, in addition to giving AMCI 4009 on the issue of mental disease or defect, should also have given an instruction under Section 41-602 with regard to the defendant's possession of the kind of culpable mental state required for the commission of the offense charged. That same contention was rejected in *Robinson* v. *State*, 269 Ark. 90, 598 S.W. 2d 421 (1980). Also, the defense failed to offer an instruction that would have submitted the issue to the jury. Hence there is now no basis for complaint. *Hays* v. *State*, 219 Ark. 301, 241 S.W. 2d 266 (1951).

Affirmed.