Willie Lee PENELTON *v.* STATE of Arkansas

CR 81-119                              640 S.W.2d 795

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*Donald E. Hamilton,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Willie Lee Penelton, was convicted of capital murder and sentenced to death by electrocution. On appeal, we reverse the conviction and remand for a new trial.

Appellant and his girlfriend were walking along Highway 70 near Hicks Station, St. Francis County, shortly after noon on March 17, 1981. The murder victim, who was driving a dump truck, picked them up. They stopped shortly thereafter at a grocery store, where appellant purchased a

six-pack of Schlitz beer with a five dollar bill which the victim gave him. The three of them continued down the highway toward West Memphis until the girlfriend stated that she needed to go to the bathroom. The victim pulled onto the shoulder of the road and the girlfriend walked into the woods.

The victim got out of the truck and asked appellant "how she was." Appellant replied that "she was all right" and the victim then went into the woods. After a short period of time, appellant followed them, taking with him a tire tool. When he saw them, both were partially undressed and it appeared to appellant that the victim was attempting to have sex with the girlfriend. The victim tried to get up but appellant struck him several times with the tire tool. He then took approximately $40 from the victim and he and the girlfriend walked to a grocery store. Appellant paid one of the girlfriend's relatives to take them to appellant's apartment in West Memphis.

The victim's body was discovered between 1:00 p.m. and 3:00 p.m. by a local resident who immediately called the sheriff's department. Several deputies investigated the crime scene and found various items lying near the body, including the tire tool, a can of Schlitz beer, plugs of tobacco, and a snuff can.

Appellant first argues that the trial court erred in refusing to quash the jury panel because the jury panel was not made up of a cross section of the community. Testimony from the jury commissioners who chose the panel revealed that they had been instructed to exclude persons who could request to be excused under Ark. Stat. Ann. § 39-108 (Supp. 1981). This statute provides:

Occupations excused — Necessity of objection. — The following persons will not be required to serve as grand or petit jurors if they object to serving and make their objections known to the court prior to being sworn:
(a) Practicing physicians, osteopaths, chiroprac-

tors, nurses, dentists, dental hygienists, and optometrists and pharmacists.

(b) Persons whose principal activity is that of a clergyman.

(c) Practicing attorneys and officers of a court.

(d) Persons 65 years of age and older.

(e) Persons actively employed as undertakers or embalmers.

(f) Active members of any fire department or fire company.

(g) Persons serving on active duty in the military service of the United States or the National Guard.

(h) Active members of any law enforcement agency.

(i) Members of the General Assembly, elected county officers and elected township officers. [Cites omitted]

Generally, the commissioners testified that they did, in fact, exclude persons in the classifications enumerated above. One commissioner took notes on the trial court's instructions and her notes, which were introduced into evidence, state: "Exclude people in essential fields . . . Doctors, ministers, all the health fields, firemen and attorneys — legal pro — and relatives — officers of the court."

Ark. Stat. Ann. § 39-108 does not provide for the automatic exclusion of persons within the classifications mentioned, but rather, provides for exclusion if the individual objects to serving and makes the court aware of such objection before the jury is sworn. Therefore, it was error for the trial court to instruct the commissioners to automatically exclude a large class of eligible jurors. *Hall* v. *State*, 259 Ark. 815, 634 S.W.2d 155 (1976).

Appellant also argues that his confession should have been suppressed because it was involuntary. We disagree. Here, the voluntariness of the confession turns almost entirely upon matters of credibility. No physical mistreatment is alleged, and appellant's signature appears on the rights form as well as the confession, but there were conflicts in the testimony about when and to what extent appellant

was informed of his rights and whether or not he was threatened by police officers. However, having given due weight to the trial judge's advantageous position in the resolution of such conflicts, we cannot say that his finding of voluntariness was clearly against the preponderance of the evidence. *Hall* v. *State*, 276 Ark. 245, 634 S.W.2d 115 (1982); *Harvey* v. *State*, 272 Ark. 19, 611 S.W.2d 762 (1981).

There is clearly sufficient evidence to support a finding of guilt in this case, based upon the testimony of various witnesses and the confession. However, the case is remanded for a new trial because of the prejudicial procedure used in selecting the jury.

Reversed and remanded.