No. 82–5378. FORD *v.* ARKANSAS. Sup. Ct. Ark. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would grant certiorari and vacate the death sentence on this basis alone. However, even if I accepted the prevailing view that the death penalty can constitutionally be imposed under certain circumstances, I would grant certiorari and vacate petitioner's death sentence on the ground that prior criminal convictions irrelevant to any statutory aggravating circumstance were improperly introduced at the sentencing proceeding.

Petitioner was charged with the murder of a policeman and tried in the Circuit Court of Mississippi County, Arkansas. He was found guilty of capital murder, and a sentencing hearing was held before the same jury. To support its request for a death sentence, the State introduced three prior criminal convictions that were not relevant to any aggravating circumstance set forth in the Arkansas death penalty statute. See Ark. Stat. Ann. § 41–1303 (1977). The jury sentenced petitioner to death by electrocution. On appeal, the Supreme Court of Arkansas affirmed petitioner's conviction and sentence. 276 Ark. 98, 633 S. W. 2d 3 (1982). Although the court acknowledged that the prior convictions had no bearing on any aggravating circumstance and should not have been

admitted, it concluded that the error was not "prejudicial." *Id.*, at 110, 633 S. W. 2d, at 10.

Under the decisions of this Court, the death sentence imposed in this case must be set aside. The State's use of petitioner's criminal record injected an extraneous factor into the capital sentencing proceeding. In *Furman* v. *Georgia*, 408 U. S. 238 (1972), this Court concluded that discretionary capital sentencing, unchannelled by legislatively defined criteria, violates the Eighth Amendment because it is "pregnant with discrimination," *id.*, at 257 (Douglas, J., concurring), because it allows the death penalty to be "wantonly" and "freakishly" imposed, *id.*, at 310 (Stewart, J., concurring), and because it affords "no meaningful basis for distinguishing the few cases in which [the death sentence] is imposed from the many cases in which it is not," *id.*, at 313 (WHITE, J., concurring). The Court has held that the death penalty can be imposed only under statutory schemes that limit the sentencer's discretion "by requiring examination of specific factors that argue in favor of or against imposition of the death penalty." *Proffitt* v. *Florida*, 428 U. S. 242, 258 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.). See also, *e. g.*, *Gregg* v. *Georgia*, 428 U. S. 153, 189–193 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.).

To be effective, restrictions on sentencing discretion must not only appear in a statute, they must also be enforced. Criteria set forth in a statute serve no purpose if prosecutors are free to ignore them. In this case, the Supreme Court of Arkansas, without discussing any of this Court's decisions, affirmed petitioner's death sentence on the ground that it did not find the prosecutor's blatant disregard of the statutory sentencing criteria "to have been prejudicial." 276 Ark., at 110, 633 S. W. 2d, at 10.

I would grant certiorari and reject this cavalier use of the harmless-error doctrine. The prejudice inherent in the proof of past crimes is the very reason such proof is forbidden in the first place. See, *e. g.*, *Michelson* v. *United States*, 335

U. S. 469, 475–476 (1948); *Boyd* v. *United States*, 142 U. S. 450, 458 (1892). There is certainly no basis for concluding beyond a reasonable doubt that the jury would have sentenced petitioner to death had it not been informed of his prior convictions. See *Chapman* v. *California*, 386 U. S. 18, 24 (1967).

I therefore dissent.