Paul RUIZ & Earl Van DENTON *v.* STATE of Arkansas

CR 80-147                                      655 S.W.2d 441

Supreme Court of Arkansas
Opinion delivered July 18, 1983

*Kaplan, Hollingsworth & Brewer, P.A.,* by: *Ron Heller,* for appellants.

*Steve Clark,* Atty. Gen., by: *Michael Wheeler* and *Victra L. Fewell,* Asst. Attys. Gen., for appellee.

PER CURIAM. Petitioners Paul Ruiz and Earl Van Denton were first convicted in the Circuit Court of Logan County of capital murder in the June 29, 1977, robbery, kidnapping and shooting deaths of Marvin Ritchie and Opal James. The jury returned death sentences. On appeal, we reversed and remanded for a new trial in another part of the district. *Ruiz & Denton* v. *State,* 265 Ark. 875, 582 S.W.2d 915 (1979). The two men were again tried and again death sentences were imposed. We affirmed on appeal. *Ruiz & Denton* v. *State,* 275 Ark. 94, 617 S.W.2d 6 (1981). Petitioners then sought postconviction relief pursuant to Criminal Procedure Rule 37. The petition was denied on its merits. *Ruiz & Denton* v. *State,* 275 Ark. 410, 630 S.W.2d 44, *cert. denied,* 103 S.Ct. 181 (1982). They have now filed a second petition under Rule 37.

This Court will not entertain a subsequent petition under Rule 37 unless the original petition was specifically denied without prejudice to filing a second petition. *Williams* v. *State,* 273 Ark. 315, 619 S.W.2d 628 (1981). Since petitioners' original petition was denied with prejudice, they are not entitled to a second petition even though theirs is a capital case.

Petitioners were prompted to file this petition by an Order of the United States District Court instructing them to

raise the issue of whether a comparative review of petitioners' case with other death penalty cases had been conducted by this Court. Although the words "comparative review" may not appear in our opinion, such a review has been afforded in every capital case since the practice was made a part of our appellate review process in *Collins* v. *State,* 261 Ark. 195, 548 S.W.2d 106 (1975), *cert. denied,* 434 U.S. 878 (1977). See *Hill* v. *State,* 278 Ark. 194, 644 S.W.2d 282 (1983). We have modified the death sentence in cases where it was not appropriate. See *Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983); *Neal* v. *State,* 274 Ark. 217, 623 S.W.2d 191 (1981); *Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981); *Giles* v. *State,* 261 Ark. 413, 549 S.W.2d 479 (1977). In petitioners' case the death sentences were carefully and deliberately compared to sentences in other capital cases and it was found that the death penalty was fully justified by the heinous murders of the two victims. We have not seen, and we are not likely to see, a more callous murder than those perpetrated by the petitioners. Marvin Ritchie and another man, David Small, were handcuffed together and forced into the trunk of a vehicle. Petitioners took Small's watch from his wrist and then shot both men at point-blank range. Small survived despite a critical wound and provided crucial testimony against petitioners. Opal James, who was apparently kept alive to guide petitioners out of rural Logan County, was found dead two days later of a single bullet through the head. The evidence of petitioners' guilt was overwhelming. At trial the jury found aggravating circumstances which were clearly sufficient to warrant the death penalty but no mitigating circumstances. This Court reviewed the facts of the case and the imposition of the death penalty on two appeals and in a petition for postconviction relief. We did not find the death sentences to have been arbitrarily or capriciously imposed in those examinations, and we will not grant petitioners yet another opportunity for review.

Petition dismissed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice. I concur only to point out some of the history of the death penalty in Arkansas. In 1977 I was a member of the court that reviewed for the second time the capital murder conviction of Carl Albert Collins. *Collins v. State,* 261 Ark. 195, 548 S.W.2d 106 (1977), *cert. denied,* 434 U.S. 878 (1977). I dissented in that decision for three legal reasons. When the United States Supreme Court denied certiorari, I concluded that the questions that I had regarding the Arkansas death penalty statute were answered. Since the *Collins* case, and including it, this court has not approved the death penalty in a single case where the appellant or appellants did not deserve the ultimate legal penalty for the conduct for which they were found guilty. We have not mentioned in every opinion that we compared the death panelty with cases with similar facts to meet the requirement of comparative review, and perhaps we should have. But, quite frankly, it has never occured to us when we have approved the death penalty that the appellant did not deserve the sentence that the jury imposed. Some of us have had other questions, but not that one. When the sentence obviously deserved comparison, we have done so and usually have reduced the sentence.

In three cases, on first review, we reserved and remanded for a new trial, and on a second review approved the re-imposition of the death penalty. One of those cases was Earl Van Denton and Paul Ruiz's. *Van Denton* v. *State,* 273 Ark. 94, 617 S.W.2d 6 (1981). The others were: *Swindler* v. *State,* 267 Ark. 418, 592 S.W.2d 91 (1979), *cert. denied,* 449 U.S. 1057 (1980), *petition for post-conviction relief denied,* 272 Ark. 340, 617 S.W.2d 1 (1981); *Hayes* v. *State,* 278 Ark. 211, 645 S.W.2d 662 (1983).

In two cases we reversed involving the death penalty, the appellants received lesser sentences on retrial. We affirmed both lesser sentences. *Westbrook* v. *State,* 274 Ark. 309, 624 S.W. 2d 433 (1981); *Hobbs* v. *State,* 277 Ark. 271, 641 S.W.2d 9 (1981).

We have reversed three cases that have not come back to us on appeal. *Harmon* v. *State,* 277 Ark. 265, 641 S.W.2d 21

(1982); *Penelton* v. *State*, 277 Ark. 225, 640 S.W.2d 795 (1982); *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982).

In six cases we have reduced the death penalty for various reasons. *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983); *Neal* v. *State*, 274 Ark. 217, 623 S.W.2d 191 (1981); *Williams* v. *State*, 274 Ark. 9, 621 S.W.2d 686 (1981); *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981); *Giles* v. *State*, 261 Ark. 413, 549 S.W.2d 479 (1977); *Graham* v. *State*, 253 Ark. 462, 486 S.W.2d 678 (1972). In *Henry* v. *State, supra,* I pointed out that that was the first case where comparative review had been a serious consideration. That question came up again in *Clines* v. *State*, 280 Ark. 77, 656 S.W.2d 684 (1983). We concluded that if the four appellants in that case could be tried jointly, they could be sentenced together since none could disclaim his complicity simply because only one actually murdered the victim. Two justices disagreed.

Arkansas's history in reviewing death penalty spans more than seven years. Since *Collins,* according to my information, the death penalty has been sought in at least 61 cases that have been appealed to us, and has been obtained in 34 cases. That is an indication that the juries in Arkansas treat their duties with sobriety and reserve the death penalty for only the most serious and extreme cases. And we have taken the review of death cases as a most serious matter, giving these cases extra attention and consideration, being certain that a defendant has received a fair trial. In only one instance have I felt that not to be the case. *Ford* v. *State*, 276 Ark. 98, 633 S.W.2d 3 (1982), *cert. denied,* 103 S. Ct. 389 (1982).

Of those 20 men who have had their sentences approved by this court, 13 are white, six are black, and one is Hispanic. All are over 21 years of age. In those cases we have approved on direct appeal and on petition for Rule 37 relief, the crimes, without question, deserved the law's most severe punishment, if any crimes deserve punishment by death. Not a single case we have approved can it be suggested that the sentence was freakish or capricious —which is what comparison is supposed to prevent.

We have reviewed the case before us three times and the United States Supreme Court has denied review. We reviewed Carl Albert Collins' case twice on direct appeal; the United States Supreme Court has examined it twice, and we have reviewed it once pursuant to a petition for postconviction relief. *Collins* v. *State*, 259 Ark. 8, 531 S.W.2d 13 (1975), *vacated and rem'd, Collins* v. *Arkansas* 429 U.S. 808 (1976), *aff'd on remand*, 261 Ark. 195, 548 S.W.2d 106 (1977), *cert. denied*, 434 U.S. 878 (1977), *post-conviction relief denied*, 271 Ark. 825, 611 S.W.2d 182 (1981). We are also being asked to review Collins' case one more time.

A review of the record of the second trial of Paul Ruiz and Earl Van Denton leaves little room for argument that they did not receive a fair trial by any reasonable standard and that the punishment imposed according to law should not be executed. We have examined in detail their arguments on appeal and when we considered their petition for post-conviction relief, we were satisfied then that the demands of the law had been met. The present petition can only be characterized as one for purposes of delay or to seek some reason, however insignificant, to avoid what this court and the United Sates Supreme Court, in effect, have ordered.

## ADDENDUM

In the following cases we have affirmed the appellant's death sentence:

> *Collins* v. *State*, 259 Ark. 8, 531 S.W.2d 13 (1975), *vacated and rem'd, Collins* v. *Arkansas*, 429 U.S. 808 (1976), *aff'd on remand*, 261 Ark. 195, 548 S.W.2d 106 (1977), *cert. denied*, 434 U.S. 878 (1977), *petition for post-conviction relief denied*, 271 Ark. 825, 611 S.W.2d 182 (1981). (Shot and robbed an elderly couple he had been working for, killing the man.)

> *Hulsey* v. *State*, 261 Ark. 449, 549 S.W.2d 73 (1977), *cert. denied*, 439 U.S. 882 (1978), *petition for post-conviction relief denied*, 268 Ark. 312, 595 S.W.2d 934 (1981). (His death sentence was vacated by oral order, *Hulsey* v. *Sargeant*, No. PB-C-81-2. [E.D. Ark. July 6, 1981.])

(Shot a service station attendant seven times during a robbery.)

*Pickens* v. *State,* 261 Ark. 756, 551 S.W.2d 212 (1977), *cert. denied,* 435 U.S. 909 (1978). (Pickens shot 7 people during the robbery of a grocery store and raped a female clerk; several died.)

*Woodard* v. *State,* 261 Ark. 895, 553 S.W.2d 259 (1977), *cert. denied,* 439 U.S. 1122 (1979), *petition for post-conviction relief denied,* 273 Ark. 235, 617 S.W.2d 861 (1981). (Shot and killed a man while robbing him.)

*Swindler* v. *State, rev'd,* 264 Ark. 107, 569 S.W.2d 120 (1978), *aff'd,* 267 Ark. 418, 592 S.W.2d 91 (1979), *cert. denied,* 449 U.S. 1057 (1980), *petition for post-conviction relief denied,* 272 Ark. 340, 617 S.W.2d 1 (1981). (Shot and killed a policeman who was checking his car registration.)

*Clark* v. *State,* 264 Ark. 630, 573 S.W.2d 622 (1979). (Clark participated in a grocery store robbery where several people were killed; he was extradited to Michigan and is serving a life sentence there.)

*Van Denton and Ruiz* v. *State,* 265 Ark. 875, 582 S.W.2d 915 (1979), *aff'd,* 273 Ark. 94, 617 S.W.2d 6 (1981), *cert. denied,* 454 U.S. 1093 (1982), *petition for post-conviction relief denied,* 275 Ark. 410, 630 S.W.2d 44 (1982). (Kidnapped, shot, and robbed an Arkansas marshal and two corps of engineers' employees; the marshal and one of the other two shot, died.)

*Miller* v. *State,* 269 Ark. 341, 605 S.W.2d 430 (1980), *cert. denied,* 450 U.S. 1035 (1981), *petition for post-conviction relief denied,* 273 Ark. 508, 621 S.W.2d 482 (1981). (Robbed and killed a storekeeper.)

*Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981), *cert. denied,* 102 S. Ct. 1996 (1982). (Robbed and stabbed a storekeeper, killing her.)

*Hayes* v. *State, rev'd,* 274 Ark. 440, 625 S.W.2d 498 (1981), *aff'd,* 278 Ark. 211, 645 S.W.2d 662 (1983). (Murdered his girlfriend and a cab driver.)

*Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 284 (1982), *cert. denied,* 103 S. Ct. 180 (1982), *petition for post-conviction relief denied,* 278 Ark. 194, 644 S.W.2d 282 (1983). (Robbed gas station, kidnapped and shot repeatedly the owner and game and fish officer; the officer died.)

*Ford* v. *State,* 276 Ark. 98, 633 S.W.2d 3 (1982), *cert. denied,* 103 S. Ct. 389 (1982). (Shot and killed Arkansas State Policeman who was pursuing him for a traffic violation.)

*Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982), *petition for post-conviction relief denied,* 279 Ark. 213, 650 S.W.2d 241 (1983). (He shot and killed the owner of a jewelry store and his daughter with a silenced pistol while robbing the store.)

*Simmons* v. *State,* 278 Ark. 305, 645 S.W.2d 680 (1983). (Shot and killed four persons, one of them a police officer, in the course of a rape, robbery, and kidnapping.)

*Clines, Holmes, Richley, and Orndorff* v. *State,* 280 Ark. 77, 656 S.W.2d 684 (1983). (The four appellants participated in the robbery of a husband, wife and daughter in their home which resulted in the shooting death of the man.

*Henderson* v. *State,* 279 Ark. 414, 652 S.W.2d 26 (1983). (Shot and killed a storekeeper during a robbery.)

In the following cases we have reversed the case and the appellants received the death sentence again: *Swindler* v. *State, supra; Van Denton* v. *State, supra;* and *Hayes* v. *State, supra.* Each time we affirmed the re-imposition of the sentence.

We reduced the sentence from death to life without parole in these cases: *Neal* v. *State,* 259 Ark. 27, 531 S.W.2d 17

(1975), *rem'd,* 429 U.S. 808 (1976), *aff'd on remand,* 261 Ark. 336, 548 S.W.2d 135 (1977), *petition for post-conviction relief granted in part,* 270 Ark. 442, 605 S.W.2d 421 (1980), *sentence reduced,* 274 Ark. 217, 623 S.W.2d 191 (1981), (diminished mental capacity made death an excessive punishment); *Giles* v. *State,* 261 Ark. 413, 549 S.W.2d 479 (1977), (diminished mental capacity made death an excessive punishment); *Graham* v. *State,* 253 Ark. 462, 486 S.W.2d 678 (1972), (sentence reduced because existing Arkansas death penalty statute was found to be unconstitutional in light of *Furman* v. *Georgia,* 408 U.S. 238 [1972]); *Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981), (reduced pursuant to comparative review with cases with similar facts where life without parole sentences were imposed); *Williams* v. *State,* 274 Ark. 9, 621 S.W.2d 686 (1981), (jury improperly allowed to consider aggravating circumstance); *Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983), (pursuant to comparative review).

In the following cases where the appellant received a death sentence we reversed and remanded, and, on retrial, the appellant received a life without parole sentence: *Westbrook* v. *State, rev'd,* 265 Ark. 736, 580 S.W.2d 702 (1979), *aff'd,* 274 Ark. 309, 624 S.W.2d 433 (1981); *Hobbs* v. *State, rev'd,* 273 Ark. 125, 617 S.W.2d 347 (1981), *aff'd,* 277 Ark. 271, 641 S.W.2d 9 (1982).

We have reversed the following death penalty cases but they have not yet reached us on appeal: *Rhodes* v. *State,* 276 Ark. 203, 643 S.W.2d 107 (1982); *Penelton* v. *State,* 277 Ark. 225, 640 S.W.2d 795 (1982); *Harmon* v. *State,* 277 Ark. 265, 641 S.W.2d 21 (1982).

In the following cases, capital murder was charged and found, but no death penalty was imposed: *Bush* v. *State, rev'd,* 261 Ark. 577, 550 S.W.2d 175 (1977); *Baysinger* v. *State, rev'd,* 261 Ark. 605, 550 S.W.2d 445 (1977); *Butler* v. *State, remanded,* 261 Ark. 369, 549 S.W.2d 65 (1977), *aff'd,* 264 Ark. 243, 570 S.W.2d 272 (1978); *Harris* v. *State,* 262 Ark. 506, 558 S.W.2d 143 (1977); *Hutcherson* v. *State,* 262 Ark. 535, 558 S.W.2d 156 (1977); *Scott* v. *State, rev'd,* 263 Ark. 669, 566 S.W.2d 737 (1978); *Hallman* v. *State,* 264 Ark. 900, 575

S.W.2d 688 (1979); *Martin v. State,* 264 Ark. 900, 575 S.W.2d 688 (1979), *petition for post-conviction relief granted in part,* 277 Ark. 175, 639 S.W.2d 738 (1982); *McGuire v. State,* 265 Ark. 621, 580 S.W.2d 198 (1979); *Andrews v. State,* 265 Ark. 390, 578 S.W.2d 585 (1979); *McCree v. State,* 266 Ark. 465, 585 S.W.2d 938 (1979); *Sumlin v. State,* 266 Ark. 709, 587 S.W.2d 571 (1979); *Gruzen v. State, rev'd,* 267 Ark. 380, 591 S.W.2d 342 (1979), *aff'd,* 276 Ark. 149, 634 S.W.2d 92 (1982); *Van Cleave v. State,* 268 Ark. 514, 598 S.W.2d 65 (1980); *Robinson v. State, rev'd,* 269 Ark. 90, 598 S.W.2d 421 (1980), *aff'd,* 274 Ark. 312, 624 S.W.2d 312 (1981); *Wallace v. State,* 270 Ark. 17, 603 S.W.2d 399 (1980); *Divanovich v. State, rev'd,* 271 Ark. 104, 607 S.W.2d 383 (1980); *Wilson v. State,* 271 Ark. 682, 611 S.W.2d 739 (1981); *Curry v. State,* 271 Ark. 913, 611 S.W.2d 745 (1981); *Shaw v. State,* 271 Ark. 926, 611 S.W.2d 522 (1981); *Earl v. State, rev'd,* 272 Ark. 5, 612 S.W.2d 98 (1981); *Cassell v. State,* 273 Ark. 59, 616 S.W.2d 485 (1981); *Pitts v. State,* 273 Ark. 220, 617 S.W.2d 849 (1981); *Derring v. State,* 273 Ark. 347, 619 S.W.2d 644 (1981); *Linder v. State,* 273 Ark. 470, 620 S.W.2d 944 (1981); *Couch v. State,* 274 Ark. 29, 621 S.W.2d 694 (1981); *Renton v. State,* 274 Ark. 87, 622 S.W.2d 171 (1981); *Coble v. State,* 274 Ark. 134, 624 S.W.2d 421 (1981); *Simpson v. State, rev'd,* 274 Ark. 188, 623 S.W.2d 200 (1981), *aff'd,* 278 Ark. 334, 645 S.W.2d 688 (1983); *Lasley v. State,* 274 Ark. 352, 625 S.W.2d 466 (1981); *Hall v. State,* 276 Ark. 245, 634 S.W.2d 115 (1982), *petition for post-conviction relief denied,* No. CR 81-130, unpublished per curiam (June 20, 1983); *Walker v. State,* 277 Ark. 137, 639 S.W.2d 742 (1982); *Williams v. State,* 278 Ark. 9, 642 S.W.2d 887 (1982); *Abernathy v. State,* 278 Ark. 250, 644 S.W.2d 590 (1983); *Heffernan v. State,* 278 Ark. 325, 645 S.W.2d 666 (1983); *Smith v. State, rev'd,* 279 Ark. 68, 648 S.W.2d 490 (1983); *Henderson v. State, rev'd,* 279 Ark. 435, 652 S.W.2d 16 (1983); *McDaniel and Gookin v. State, rev'd,* 278 Ark. 631, 648 S.W.2d 57 (1983); *Moss v. State,* 280 Ark. 27, 655 S.W.2d 375 (1983).