Carl Albert COLLINS *v.* STATE of Arkansas

CR 75-110                              657 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Thomas M. Carpenter,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for respondent.

PER CURIAM. In 1974 petitioner Carl Albert Collins was employed at the rural home of John and Gertrude Welch. On the morning of August 13, petitioner attacked Mrs. Welch and beat her on the head with some object. Her screams apparently alerted Mr. Welch who had been outside. Mrs. Welch lost consciousness when her husband entered the house. She awakened to find him with a mortal shotgun wound. She saw petitioner running out of the house with a shotgun and a box of shells. Mr. Welch told his wife that petitioner had shot him and taken his wallet. She crawled into the bathroom where she again lost consciousness. After several hours a telephone repairman found the couple. Mr. Welch was dead, but his wife recovered and testified at petitioner's trial. Petitioner was convicted of capital murder and sentenced to death.

Even without Mrs. Welch's testimony, the proof of petitioner's guilt was conclusive. The Welch's truck was found abandoned in Madison County. Nearby were a hacksaw and the sawed-off end of a shotgun. The day of the murder, a Volkswagen was stolen in Madison County. That

night a police officer saw petitioner standing by the stolen car in Little Rock. Petitioner's fingerprints were found in the car and a sawed-off shotgun was found in the back seat. The shotgun was identified as the one taken from the Welch home. Its barrel matched the sawed-off portion found in the Welch's truck.

We have twice reviewed petitioner's conviction and death sentence on appeal. *Collins* v. *State,* 259 Ark. 8, 531 S.W.2d 13 (1975), *vacated in part,* 429 U.S. 808 (1976). The second review was ordered specifically for further consideration of the imposition of the death penalty in light of *Gregg* v. *Georgia,* 428 U.S. 153 (1976), and other cases. Upon reconsideration we again found that the imposition of the death penalty in petitioner's case was constitutional and reinstated the death penalty. *Collins* v. *State,* 261 Ark. 195, 548 S.W.2d 106, *cert. denied,* 434 U.S. 878 (1977).

Petitioner then filed a petition for postconviction relief pursuant to Criminal Procedure Rule 37. It was denied on its merits. *Collins* v. *State,* 271 Ark. 825, 611 S.W.2d 182, *cert. denied,* 453 U.S. 973 (1981). He has now filed a second Rule 37 petition prompted by an order of the United States Court of Appeals for the Eighth Circuit that petitioner present his "unexhausted" claims to this Court. Petitioner has raised the following issues in his petition:

(1) denial of meaningful appellate comparative review of his death sentence to other death sentences, or sentences of life imprisonment without parole;

(2) overbroad application of the "pecuniary gain" aggravating circumstance;

(3) improper restrictions on mitigating circumstances;

(4) misallocation of the burden of proving mitigating versus aggravating circumstances; and

(5) prosecutorial misconduct during argument in the penalty phase of the trial.

A petitioner is not entitled to file a second petition under Rule 37 unless the original petition was specifically denied without prejudice to filing a subsequent petition. *Ruiz & Denton* v. *State,* 280 Ark. 190, 655 S.W.2d 441 (1983); *Williams* v. *State,* 273 Ark. 315, 619 S.W.2d 628 (1981). Issues which could have been raised on appeal or in the original petition for postconviction relief but were not must be considered waived. *Ruiz & Denton, supra.* Since petitioner has had one petition decided on its merits, he is not entitled to file a second. Nevertheless, because petitioner's case was unique in that it was the first to reach us since the repeal of the statute which gave juries almost unlimited discretion in deciding whether to impose the death penalty, we will address the issue of comparative appellate review. Even though the case was the first of its kind, after a thorough review of the facts, we found on direct appeal that petitioner had committed a vicious murder for pecuniary gain and that the aggravating circumstances clearly outweighed the mitigating circumstance of petitioner's youth. *Collins,* 261 Ark. at 223. Since that time numerous capital cases have been reviewed, and in comparison with those cases, we find no basis to alter that view. Petitioner bludgeoned Mrs. Welch and left her for dead. He murdered Mr. Welch for no apparent reason except to steal whatever money the elderly couple had. This Court has vacated the death sentence in cases where it was not appropriate. *Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983); *Neal* v. *State,* 274 Ark. 217, 623 S.W.2d 191 (1981); *Williams* v. *State,* 274 Ark. 9, 621 S.W.2d 686 (1981); *Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981); *Giles* v. *State,* 261 Ark. 413, 549 S.W.2d 479 (1977); *Graham* v. *State,* 253 Ark. 462, 486 S.W.2d 678 (1972). In petitioner's case, however, the evidence of guilt was overwhelming and the proof underlying the finding of the aggravating circumstances was ample. In the nine years since this crime was committed, we have reviewed petitioner's case three times. At no point has it been demonstrated that the death penalty was arbitrarily or capriciously imposed. Therefore, the penalty as it was set by the jury in 1975 must stand.

Petition denied.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I would dismiss the petition for Rule 37 relief in this case and not entertain any further review of Collins' conviction. We have examined this case twice, and we have already considered one petition for post-conviction relief. This petition was filed when the United States Court of Appeals for the Eighth Circuit decided ". . . The Arkansas Supreme Court did not subject Collins' sentence to comparative review." That is an inaccurate statement. That was one of the issues under debate with this court as reported in the case of *Collins* v. *State*, 261 Ark. 195, 548 S.W.2d 106 (1977), *cert. denied*, 434 U.S. 878 (1977). The majority said it subjected Collins' sentence to a comparative review. If the majority had not been satisfied in this respect it could not have approved Collins' conviction. The Supreme Court of the United States was satisfied with this court's treatment of that and other issues and denied certiorari.