Roger Dale HOBGOOD *v.* STATE of Arkansas

CR 77-60 562 S.W. 2d 41

Opinion delivered February 6, 1978
(Division II)
[Rehearing denied March 27, 1978.]

*Robert C. Compton* and *Floyd M. Thomas, Jr.,* of *Brown, Compton & Prewett,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Roger Dale Hobgood was charged with capital felony murder, kidnapping and burglary. The charges arose out of an incident on or about June 28, 1976, when appellant broke into the home of Bernice Thomas after using a rifle to run off the chief of police and the mayor. While in the home he killed Bernice Thomas and held captive his estranged wife, Brenda Hobgood, Shane Hobgood and Leanne Thomas. At the trial which started at the beginning of the day on January 12, 1977, and ended late in the evening on January 14th, the jury returned verdicts of murder in the first degree, kidnapping and burglary. The punishment for murder in the first degree was fixed at life in prison. The jury set the punishment at 3 years each for the kidnapping and burglary charges.

Appellant admitted the killing of Bernice Thomas and placed his principal defense upon self-induced intoxication, Ark. Stat. Ann. § 41-207 (Crim. Code, 1976). The trial court instructed the jury as to the elements of the crime charged and told them that the State was required to prove every element of the crimes beyond a reasonable doubt. Then pur-

suant to Ark. Stat. Ann. § 41-110(4) [Crim. Code, 1976] the trial court told the jury that self-induced intoxication was an affirmative defense which appellant had to prove by preponderance of the evidence. For reversal appellant contends that Ark. Stat. Ann. § 41-110(4) (Crim. Code 1976) violates the due process clause of the Constitution of the United States of America. Appellant's principal reliance is upon the case of *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975).

We find no merit to appellant's contention. Any doubts raised by *Mullaney* v. *Wilbur, supra,* were laid to rest in *Patterson* v. *New York,* 432 U.S. 197, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977).

We have reviewed this 733 page record pursuant to Ark. Stat. Ann. § 43-2725 (Repl. 1977). This review shows that appellant's employed counsel were well prepared to try the lawsuit. We have reviewed those few objections that were made and sustained contrary to appellant's contentions by the trial court and have found no errors prejudicial to the rights of appellant.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.