**Roger D. HOBGOOD, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

No. 82–1775.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1982.

Decided Feb. 14, 1983.

Reinmiller & Tripcony, North Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Roger D. Hobgood appeals from a final judgment entered in the District Court[1] for

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-   kansas.

the Eastern District of Arkansas dismissing his petition for writ of habeas corpus. For reversal appellant argues that he was denied due process of law because under Arkansas law he was required to prove the affirmative defense of self-induced intoxication by a preponderance of the evidence. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was convicted[2] in state court of burglary, kidnapping and first degree murder in 1977. The Arkansas Supreme Court affirmed his conviction on direct appeal. *Hobgood v. State,* 262 Ark. 725, 562 S.W.2d 41, *cert. denied,* 439 U.S. 963, 99 S.Ct. 449, 58 L.Ed.2d 421 (1978). Appellant later sought and was denied state post-conviction relief. Appellant then filed a petition for writ of habeas corpus in federal district court, alleging that he had been denied due process of law because under Arkansas law[3] he was required to prove the affirmative defense of self-induced intoxication by a preponderance of the evidence, citing *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Following appointment of counsel and consideration of the briefs of the parties, the district court found no constitutional violation. *Hobgood v. Lockhart,* No. PB–C–80–302 (E.D.Ark. May 24, 1982) (slip op. at 3–4), *citing Long v. Brewer,* 667 F.2d 742 (8th Cir.1982).

We agree with the analysis of the district court that it is not a denial of due process for the state to place on the defendant the burden of proof by a preponderance of the evidence of an affirmative defense which negates an element of the crime. *See Pat-*terson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (extreme emotional disturbance); *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (insanity); *Long v. Brewer,* 667 F.2d at 746–47 (Iowa law); *United States ex rel. Goddard v. Vaughn,* 614 F.2d 929, 934 (3d Cir.) (Delaware law), *cert. denied,* 449 U.S. 844, 101 S.Ct. 127, 66 L.Ed.2d 53 (1980); *Krzeminski v. Perini,* 614 F.2d 121, 123–24 (6th Cir.) (Ohio law), *cert. denied,* 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980). Here, the state trial court carefully instructed the jury that the state had the burden of proving each element of the crime beyond a reasonable doubt. Although appellant had the burden of proving the affirmative defense by a preponderance of the evidence, such a requirement did not rely upon a presumption or improperly shift the burden of proof to the defendant in the way condemned by the Supreme Court in *Mullaney v. Wilbur,* 421 U.S. at 701, 95 S.Ct. at 1891. *But cf. Long v. Brewer,* 667 F.2d at 747 (comment upon difficulty in reconciling *Mullaney* and *Patterson* ).

Accordingly, the judgment of the district court is affirmed.

---

2. For a statement of the underlying facts, see *Hobgood v. State,* 262 Ark. 725, 562 S.W.2d 41, *cert. denied,* 439 U.S. 963, 99 S.Ct. 449, 58 L.Ed.2d 421 (1978).

3. Under the state criminal statutes then in effect, first degree murder required premeditation and deliberation, Ark.Stat.Ann. § 41–1502 (1976); self-induced intoxication was an affirmative defense which, if proved, would negate the existence of a purposeful or knowing mental state, *id.* § 41–207; the state was required to prove each element of a particular offense beyond a reasonable doubt, *id.* § 41–110(1), but the defendant was required to prove an affirmative defense by a preponderance of the evidence, *id.* § 41–110(4).