## John T. MOSS *v.* STATE of Arkansas

CR 82-160                                    655 S.W.2d 375

Supreme Court of Arkansas
Opinion delivered July 5, 1983
[Rehearing denied September 12, 1983.*]

*PURTLE, J., would grant rehearing.

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Michael E. Wheeler*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of capital felony murder and sentenced to life imprisonment without parole. He raises three points on appeal. We affirm.

The appellant first argues that the trial court erred in failing to excuse for cause venireman Brien Breckenridge. The appellant excused Breckenridge peremptorily. He later exhausted his peremptory challenges, which, he claims, forced him to accept an unwanted juror when the jury was finally selected. Breckenridge's mother had previously been accepted as a juror, without objection from either party. The appellant contends that the relationship between Breckenridge and his mother is so close that it constituted implied bias, and, therefore, the court's refusal to excuse Breckenridge for cause was prejudicial error. However, no case is cited to us holding that family members may not serve on the same jury in the absence of any indication of bias on the part of at least one of them. Breckenridge was a 39 year old farmer with a family of his own. He left home when he was 17 years old. He stated unequivocally that he would not be in-

fluenced by his mother's presence on the jury. He said "I absolutely do my own thinking," and that he would be a fair and impartial juror. As we have said on many occasions, the qualification of a juror is within the sound judicial discretion of the trial court, which has the opportunity to observe the veniremen that we do not have, and the trial court will not be reversed unless the appellant demonstrates an abuse of discretion. *Hobbs* v. *State,* 277 Ark. 271, 641 S.W.2d 9 (1982); *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980); *Satterfield* v. *State,* 252 Ark. 747, 483 S.W.2d 171 (1972). Here, we hold that appellant has not met his burden of demonstrating an abuse of discretion.

The appellant next asserts that the trial court erred in failing to declare a mistrial inasmuch as the state intentionally placed inadmissible evidence before the jury. The appellant testified on direct examination that he did not kill the robbery victim, that he did not have a gun on the night of the robbery/murder, he did not know that one of his confederates had a gun, and he did not like guns. On cross-examination the prosecutor asked, "Mr. Moss, you told this jury right here in Sharp County, Arkansas, that you didn't like guns, so I want you to look at that jury and tell them about that .38 pistol you carried out in Arizona." Following a negative answer, the appellant's prompt objection to the question was sustained. The trial court, however, refused to grant the appellant's motion for a mistrial and admonished the jury to disregard the question. Appellant argues there is no good faith basis for the prosecutor's question. It appears the record is silent with respect to the absence of good faith. Suffice it to say that since this argument was not addressed to the trial court and it is raised for the first time on appeal, we do not consider it. *Pace* v. *State,* 265 Ark. 712, 580 S.W.2d 689 (1979); *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980); and *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 285 (1982). Furthermore, as indicated, the trial court admonished the jury to disregard the question, give it no consideration, and "[t]reat it as though it had not even been uttered." Even so, appellant insists that the admonition did not remove the prejudice. The declaration of a mistrial is a drastic remedy and should be resorted to only when it appears that any possible prejudice is not removed by an admonition or

cautionary instruction to the jury. The trial court is entrusted with a wide latitude of discretion in granting or denying a mistrial, and its decision will not be reversed absent an abuse of that discretion or a manifest prejudice to the defendant. *Hill* v. *State, supra;* and *Chaviers* v. *State,* 267 Ark. 6, 588 S.W.2d 434 (1979). In the circumstances we find no abuse of discretion nor a manifest prejudice to the appellant.

Finally, the appellant argues that the trial court erred failing to submit the affirmative defense provided for in Ark. Stat. Ann. § 41-1501 (2) (Repl. 1977) as a simple or ordinary defense without the burden of proof being placed on him. The appellant was convicted of a violation of Ark. Stat. Ann. § 41-1501 (1) (a), which provides, in pertinent part, as follows:

> A person commits capital murder if: . . . acting alone or with one or more other persons, he commits or attempts to commit . . . robbery, burglary, . . . and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life . . . .

Section 41-1501 (2), primarily in issue here, provides as follows:

> It is an affirmative defense to any prosecution under subsection (1) (a) for an offense in which defendant was not the only participant that the defendant did not commit the homicide act or in any way solicit, command, induce, procure, counsel, or aid its commission.

Ark. Stat. Ann. § 41-110 (4) provides:

> The defendant must prove an 'affirmative defense' by a preponderance of the evidence.

Here, two persons, in addition to the appellant, burglarized a motel. Arthur Garner, who lived in a room in the back of the motel office with his wife, Florence, was fatally

shot during the course of the burglary and robbery. Florence also was shot, but she survived. The appellant admitted being present at the time these events occurred, but he contended he was not involved in the robbery scheme and was an unwitting participant in the alleged offense. He raised the affirmative defense set forth in § 41-1501 (2). On appeal he contends that the statute unconstitutionally shifts to the defendant the burden of proof as to elements of the crime and, therefore, he was denied due process of law. He relies on the cases of *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), and *In re Winship*, 397 U.S. 358 (1970). In those cases, the Supreme Court held that due process requires that criminal statutes place upon the state the burden of proving each element of any criminal offense beyond a reasonable doubt, and the burden of disproving any element of an offense cannot be shifted to the defendant. However, we do not think those cases are controlling here, because the statute in question does not absolve the state of the duty of proving any element of capital felony murder beyond a reasonable doubt. Here, the jury was instructed that the state must prove beyond a reasonable doubt each element of the offense charged; that the defendant is not required to prove his innocence; and that the defendant is presumed to be innocent. When the trial court instructed the jury with respect to the affirmative defense as defined by the statute, he also told the jury, "Whatever may be your finding as to this defense, you are reminded that the State still has the burden of establishing the guilt of John Thomas Moss [appellant] upon the whole case beyond a reasonable doubt." To establish the affirmative defense, a defendant must prove that he was not the only participant (assuming the state first proves he was one of the participants); that he did not commit the homicide act; and that he did not in any way solicit, command, induce, procure, counsel, or aid in the commission of the homicide act. Obviously, none of these elements are elements of the crime of capital felony murder, and the burden on the defendant to prove the affirmative defense does not arise until the state has met its burden of proof as to elements of the alleged offense. See *Wilson* v. *State*, 271 Ark. 682, 611 S.W.2d 739 (1981).

In *Patterson* v. *New York*, 432 U.S. 197 (1977), which

followed *Mullaney* v. *Wilbur, supra,* the Supreme Court held:

> We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.

There, the court also noted that *Mullaney* had been misunderstood and should not be read to discourage legislation that would permit a defendant accused of felony murder to prove by a preponderance of the evidence the affirmative defense that the homicide was neither a necessary nor a reasonably foreseeable consequence of the underlying felony, which is very similar to the affirmative defense provided here. We recognized the import of *Patterson* v. *New York, supra,* in *Hobgood* v. *State,* 262 Ark. 725, 562 S.W.2d 41 (1978), where we said, "Any doubts raised by *Mullaney* v. *Wilbur, supra,* were laid to rest in *Patterson* v. *New York . . .* " See also *Hulsey* v. *State,* 261 Ark. 449, 549 S.W.2d 73 (1977).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In my opinion it was error to allow a mother and son to sit on the same petit jury. Although the son finally answered all the voir dire questions right, it still has the appearance of impropriety.

No doubt the victim's relatives would have answered the voir dire in the right manner as well. The point is, there comes a time when the black letter record will not stand alone to prove the facts stated therein. Therefore, I would start now and hold that two or more members of an immediate family should not be allowed to sit on the same trial, if for no other reason than to avoid any future appearance of impropriety. Suppose there were twelve members of the same family selected to serve on the same jury. Would that be proper? I think not. One per family is enough. It is a puzzle to me why many trial judges seem to try to qualify a juror as though there were no more people to serve. It only takes a few minutes, in most cases, to qualify another juror. This is preferable to trying the whole case again.

The majority finds no prejudicial error in the state's attorney asking the appellant to tell the jury "about that .38 pistol you carried out in Arizona." The whole defense was based upon the theory that the appellant did not have a handgun at the time of the homicide. There was no showing whatsoever that there was a basis for the question. In my opinion the question was not asked in good faith but was a brazen attempt to gain for the state unfair advantage before the jury. So far as I am concerned the state should be required to try the case again because its attorney deliberately violated the rules of evidence. Ordering the jury to disregard the question is like firing a pistol in their presence and then admonishing them to forget the ringing in their ears.

Finally, I agree with appellant that Ark. Stat. Ann. § 41-1501 (2) (Repl. 1977) is unconstitutional in that it requires the accused to prove his innocence in this case. The statute in question requires an accused to prove an affirmative defense by a preponderance of the evidence. It seems to me an instruction should be given which provides that the state is required to prove the homicide was committed by the accused or he aided the commission of it by soliciting, commanding, inducing, procuring, counseling, or aiding another or others to commit the offense. Such an instruction would not place the burden on an accused to prove anything and it would require the state to prove the whole case which, as I understand it, is a constitutional requirement.