

# SUPREME COURT OF ARKANSAS

No. CR–13–188

|  |  |
|---|---|
| JOHN T. MOSS<br><br>APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 12, 2013<br><br>PRO SE APPEAL FROM THE SHARP COUNTY CIRCUIT COURT AND MOTION TO FILE BELATED REPLY BRIEF [68CR–81–30]<br><br>HONORABLE HAROLD S. ERWIN, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 1981, Appellant John T. Moss and two other persons were charged with capital felony murder and attempted capital felony murder. The prosecution contended that the three had entered a motel and shot a man who lived in a room at the back of the motel office. The man's wife was also shot but survived. Appellant admitted being present, but he contended he was not involved in the scheme to rob the motel and was an unwitting participant in the offense. The only sentence returned by the jury was a sentence of life imprisonment without parole on the capital-felony-murder charge. We affirmed. *Moss v. State*, 280 Ark. 27, 655 S.W.2d 375 (1983), *cert. denied*, 465 U.S. 1105 (1984).

In 2010, appellant filed in this court a petition to reinvest jurisdiction in the trial court to consider a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (1982). In the petition, appellant argued that the sentence imposed for capital felony murder was void because the jury was provided a sentencing form for capital felony murder only, but the

SLIP OPINION

judgment could be construed to reflect two verdicts—one for capital felony murder and a second for attempted capital felony murder. We found that the judgment was effective only to the single conviction for capital felony murder and that appellant had failed to state a claim sufficient to show that the judgment for capital felony murder was void. The petition was denied. *Moss v. State*, 2010 Ark. 284 (per curiam).

In 2012, appellant filed in the trial court a pro se "Motion to Adjust Sentence," in which he again alleged that the trial court erred at his trial by failing to instruct the jury to impose separate sentences for capital murder and attempted capital murder. He further alleged that the records maintained by the Arkansas Department of Correction (ADC), in whose custody he is imprisoned, erroneously reflected that he had been found guilty of both crimes and sentenced to life imprisonment for each offense. The trial court denied and dismissed the motion, and appellant brings this appeal. He has filed a motion to file a belated brief, which is moot inasmuch as it is clear that appellant could not prevail on appeal.

The appeal is subject to dismissal because the motion filed in the trial court constituted a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Regardless of the label placed on it by the petitioner, a pleading that mounts an attack on a judgment based on claims within the purview of Rule 37.1 is governed by that rule. *See Ybarra v. State*, 2013 Ark. 423 (per curiam); *see also Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam). As appellant was challenging the 1982 judgment by contending that there was error sufficient to void the judgment, the claim was within the purview of the Rule as it existed in 1982. The version of Rule 37.1 that is applicable to appellant provides that, when the judgment was appealed to this court, postconviction relief under the Rule is only

SLIP OPINION

available if a petitioner seeks permission in this court to proceed within three years of the date of commitment, "unless the ground for relief would render the judgment of conviction absolutely void."[1] Ark. R. Crim. P. 37.2. Here, appellant filed the motion to adjust the sentence in the trial court without having obtained this court's leave to do so. For that reason alone, the appeal must be dismissed. Moreover, even if petitioner had sought leave from this court to proceed below, Rule 37.2(b) does not permit a second petition for postconviction relief unless the first such petition was specifically denied without prejudice to filing a subsequent petition. When appellant's Rule 37.1 petition was denied by this court in 2010, he was not granted leave to file a subsequent petition. Accordingly, he is not entitled to proceed again for postconviction relief. *See Ruiz v. State*, 280 Ark. 190, 655 S.W.2d 441 (1983) (per curiam) (citing *Williams v. State*, 273 Ark. 315, 619 S.W.2d 628 (1981) (per curiam)).

With respect to appellant's claim that the records of the ADC do not accurately reflect the judgment-and-commitment order, the claim is not cognizable in a petition for postconviction relief. A petition for postconviction relief is a challenge to the judgment, not to the records of the ADC.

Appeal dismissed; motion moot.

*John J. Moss*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[1]Arkansas Rule of Criminal Procedure 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 & the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990). The revised rule does not require petitioners who were convicted after the reinstatement of Rule 37 to gain leave of this court before proceeding in the trial court.