ROBERTSON, Justice,
dissenting on sentencing phase only.
I.
I concur in affirmance of the judgment that Chandler Clemons stands convicted of the crime of capital murder and in what the Court has said en route. I regret that I cannot concur in Part 111(A) regarding the sentencing phase. It seems there that the Court ignores elementary principles of legal reasoning. In my opinion, Maynard v. Cartwright, 486 U.S. -, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) and, as well, the statutory directives of Miss.Code Ann. §§ 99-19-101(2) and (3) (1987), mandate a new trial on the matter of sentence.
II.
The Circuit Court submitted to the jury as a circumstance in aggravation that “the capital murder was especially heinous, atrocious or cruel.” The jury found this aggravating circumstance in the exact language of the Court’s instruction. The jury found a second aggravating circumstance, to-wit: that the capital murder was committed while the defendant was engaged in the commission of a robbery and was committed for pecuniary gain. The Cartwright error is that the phrase “especially heinous, atrocious or cruel” is unconstitutionally vague, so that a death sentence relying upon an aggravating circumstance so phrased may not stand.
Cartwright, on the authority of Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), holds that an Oklahoma statute, containing the exact words of our statute and the instruction here, failed to provide constitutionally adequate guidance for the jury’s discretion in considering whether it should impose the death penalty. Cartwright, — U.S. -, 108 S.Ct. at 1859, 100 L.Ed.2d at 382. Cartwright holds that some further explanation and specification of the meaning of “especially heinous, atrocious or cruel” must be given the jury in cases where this aggravating circumstance is submitted. The Court stops short, however, of providing a model jury instruction on the point.
The Cartwright court places its holding in the mainstream of Eighth Amendment/death penalty jurisprudence going back to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
Since Furman, our cases have insisted that the channeling and limiting of the sentencer’s discretion in imposing the *1368 death penalty is a fundamental constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action.
— U.S. -, 108 S.Ct. at 1858, 100 L.Ed. 2d at 380. From this general premise Cartwright holds “especially heinous, atrocious or cruel” void for vagueness, Eighth Amendment variety and vacates the death sentence predicated thereon.
III.
A.
If I understand it correctly, the majority reads Maynard v. Cartwright and recognizes that the Court is obligated to vacate the aggravating circumstance “The capital murder was especially heinous, atrocious or cruel.”[1] I turn now to the various reasons why this is so, for the opinion is less than clear on the point.
The majority argues that we adopted a narrowed standard in Coleman v. State, 378 So.2d 640, 648 (Miss.1979) and in Billiot v. State, 454 So.2d 445, 464-65 (Miss.1984). Coleman elaborated upon “especially heinous, atrocious or cruel”, suggesting that it refers to a “conscienceless or pitiless crime which is unnecessarily tortuous to the victim.” 378 So.2d at 648. Bil-liot approved this elaboration. The problem here is that Clemons’ sentencer, the jury, was not told of this elaboration.
Assuming arguendo the adequacy of Coleman-Billiot, what becomes critical is the portion of Cartwright which insists that such definition be given to the sentencing jury. Cartwright begins with the premise that all of the Eighth Amendment cases are concerned with “channeling and limiting of the senteneer’s discretion.” Cartwright, — U.S. -, 108 S.Ct. at 1858, 100 L.Ed.2d at 380. Cartwright discusses Godfrey and notes that the vague language in Godfrey
was held to be insufficient to cure the jury’s unchanneled discretion.
— U.S. -, 108 S.Ct. at 1859, 100 L.Ed. 2d at 381. The Court then holds that the case before it was “indistinguishable” from Godfrey
which failed to cure the unfettered discretion of the jury and satisfy the commands of the Eighth Amendment.
— U.S. -, 108 S.Ct. at 1859, 100 L.Ed.2d at 382.
The narrowed Coleman version of “especially heinous, atrocious or cruel” was never communicated to the sentencing jury in Clemons’ case. Billiot approves a limited construction of “especially heinous, atrocious or cruel”, but no part of the Billiot holding was told to Clemons’ jury. Wiley v. State, 484 So.2d 339, 353 (Miss.1986) and Mhoon v. State, 464 So.2d 77, 85 (Miss.1985) “recommended” that trial courts further define “especially heinous, atrocious and cruel” in light of Godfrey and Coleman, yet we have made it clear we won’t reverse when they don't. See, e.g., Jones v. State, 517 So.2d 1295, 1301 (Miss.1987); Faraga v. State, 514 So.2d 295, 309 (Miss.1987).
Indeed, it may be fairly said that since Coleman we have consistently ignored its teachings, see, e.g., Jones v. State, 517 So.2d 1295, 1301 (Miss.1987); Booker v. State, 449 So.2d 209, 220-21 (Miss.1984).
Cartwright teaches that Coleman is not worth the paper it is written on if it isn’t communicated to the sentencing jury — and it wasn’t here.
B.
There is another would be escape hatch Cartwright closes off. I refer to the “we can fix it here” idea, the notion that, though the jury was not given a proper limiting instruction, this Court can look at the record and apply the Coleman/Billiot definition and find that this aggravating circumstance was adequately supported by the evidence.
First, Cartwright recognizes that Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980)
plainly rejected the submission that a particular set of facts surrounding a murder, however shocking they might be, were enough themselves, and without some narrowing principle to apply to *1369 those facts, to warrant the imposition of the death penalty.
Cartwright, — U.S. -, 108 S.Ct. at 1859, 100 L.Ed.2d at 381-82. The Oklahoma court had made a similar attempt, one which the Supreme Court in Cartwright found “indistinguishable”. Cartwright concludes that the Oklahoma court’s
conclusion that on these facts the jury’s verdict that the murder was especially heinous, atrocious or cruel was supportable did not cure the constitutional infirmity of the aggravating circumstance.
— U.S. -, 108 S.Ct. at 1859, 100 L.Ed.2d at 382.
All of this, of course, is nothing more than a corollary of the premise that under our system the Circuit Court jury is the factfinder and the sentencer, not this Court. Thus it matters not whether we correctly understand the law as mandated by Cartwright and Coleman. The body that must under the Eighth Amendment understand that law is the jury — the body which performs the functions of finding aggravating circumstances, of weighing and balancing those circumstances against mitigating circumstances, and of returning the verdict of life or death.
IV.
A.
Cartwright thus decrees vacation of the “especially heinous, atrocious or cruel” aggravating circumstance found by the sentencing jury in Clemons’ case. State statutory law — Miss.Code Ann. §§ 99-19-101(2) and (3) (Supp.1987), augmented on one crucial point by Fur-man-Gregg-Godfrey-Cartwright doctrine, then makes clear that the case must go back for a new sentencing hearing.
The state law point first. The majority’s bottom line is an expression of opinion about what it cannot know.
We ... are of the opinion beyond a reasonable doubt that the jury’s verdict would have been the same with or without the “especially heinous, atrocious or cruel” aggravating circumstances.
This “opinion” is demonstrably erroneous in fact. More important, it is without significance in law.
Once one aggravating circumstance is invalidated, no one can say whether that would — or would not — have altered the outcome of the jury’s weighing and balancing process. Stripped of the weight of the “especially heinous, atrocious or cruel” aggravating circumstance, we cannot sensibly say that the scales would — in the sentencing jury’s perception — have tipped toward death.
Legally, it is not this Court’s opinion that counts, but the jury’s. Under our law only a jury has power to impose a death sentence. Section 99-19-101(2) places upon the jury the balancing task. The critical point becomes the language of Section 99-19-101(3)
(3) For the jury to impose a sentence of death, it must unanimously find in writing the following:
******
(b) That sufficient aggravating circumstances exist as enumerated in subsection (5) of this section; and
(c) That there are insufficient mitigating circumstances, as enumerated in subsection (6), to outweigh the aggravating circumstances.
In each case in which the jury imposes the death sentence, the determination of the jury shall be supported by specific written findings of fact based upon the circumstances in subsections (5) and (6) of this section and upon the records of the trial and the sentencing proceedings. If the jury does not make the findings requiring the death sentence, the court shall impose a sentence of life imprisonment.
A jury has to perform the weighing and balancing and then report in writing its findings. Without that written report, no person may lawfully be sentenced to death. Since one aggravating circumstance has been removed, the first jury’s report should be held for naught and a new report sought.
*1370 All of this is legally analogous to what happened in Pinkton v. State, 481 So.2d 306, 310 (Miss.1985). In Pinkton, we honored a state statute that required, as a prerequisite to a death sentence, written Enmund findings made by a jury. Here Section 99-19-101(3) requires written balancing findings. As in Pinkton we should reverse and remand for a new sentencing hearing.
B.
Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983) is a red herring. Stephens decides a question of federal constitutional law which is not before the Court today. We are concerned here with a question of (federally permissible) state statutory law, the core provision of which is that the only body authorized to perform the balancing and weighing of aggravating and mitigating circumstances is the jury.
The Stephens opinion tells us forthrightly it has no application to today’s question.
... [W]e do not express any opinion concerning the possible significance of a holding that a particular aggravating circumstance is “invalid” under a statutory scheme in which the judge or jury is specifically instructed to weigh statutory aggravating and mitigating circumstances in exercising its discretion whether to impose the death penalty.
Zant v. Stephens, 462 U.S. at 890, 103 S.Ct. at 2750. Mississippi has precisely that sort of statutory scheme, as the discussion above of Sections 99-19-101(2) and (3) makes quite clear.
In footnote 12 the Stephens opinion notes four states — with statutes like Mississippi’s — which require that in cases arising in today’s posture the death sentence be vacated. Zant v. Stephens, 462 U.S. at 873 n. 12, 103 S.Ct. at 2741 n. 12. See Williams v. State, 274 Ark. 9, 10, 621 S.W.2d 686, 687 (1981); State v. Irwin, 304 N.C. 93, 107-08, 282 S.E.2d 439, 448-49 (1981); State v. Moore, 614 S.W.2d 348, 351-52 (Tenn.1981); Hopkinson v. State, 632 P.2d 79, 90 n. 1, 171-72 (Wyo.1981). The common denominator in these four cases is a statute that
requires the jury to weigh the aggravating circumstances against the mitigating circumstances when it decides whether or not the death penalty should be imposed.
Zant v. Stephens, 462 U.S. at 873 n. 12, 103 S.Ct. at 2741 n. 12.[2] As explained above, precisely the same requirement may be found in our Section 99-19-101(2).
To be sure, we have a series of cases which in cryptic fashion have uttered dicta arguably related to today’s issue, as the majority is quick to point out. Several of these cases contain nothing beyond the Zant v. Stephens truism that as a matter of federal constitutional law, in cases where the death penalty has been predicated upon multiple aggravating circumstances, invalidation of one does not necessarily render the sentence infirm. See, e.g., Nixon v. State, 533 So.2d 1078 (Miss.1987); *1371 Lockett v. State, 517 So.2d 1317, 1336 (Miss.1987); Stringer v. State, 500 So.2d 928, 945 (Miss.1986); Irving v. State, 498 So.2d 305, 314 (Miss.1986). Not a word in these cases addresses the state statutory law question here presented. Nor do any of these decisions hold invalid any aggravating circumstance.
Similarly, Evans v. State, 422 So.2d 737, 743 (Miss.1982); and Gilliard v. State, 428 So.2d 576, 586 (Miss.1983) are not authority to the contrary. First, the “especially heinous, atrocious and cruel” aggravating circumstances were not vacated in those cases. Second, nothing in Evans and Gilli-ard confronts the fact that (a) the jury is the only body empowered by our law [Section 99-19-101(2) ] to perform the balancing act and (b) that a statutory prerequisite [Section 99-19-101(3)] to a death sentence is the jury’s written report of the outcome of its balancing process.
The language relied upon was in no sense necessary to the decision in each respective case nor to the rationale under-girding same. More telling, the Section 99-19-101(2) and (3) point explained above today was not argued by counsel in any of the above cases, is not mentioned in the Court’s opinion, nor insofar as appears has it before today been thought of by any member of this Court. I find quite odd the suggestion that these cases decide today’s question.[3]
C.
There is a federal constitutional infirmity in today’s decision. I refer to the holding that, even without the “especially heinous, atrocious and cruel” aggravating circumstance, the jury would still have sentenced Clemons to die, that is, the jury would still have found that the remaining aggravating circumstance was sufficient to outweigh any mitigating circumstances.
Eighth Amendment jurisprudence from Gregg and Godfrey to Cartwright holds that, before a death sentence may lawfully be imposed, the sentencer’s discretion must be rationally guided or channeled. The unmistakable effect of the majority’s opinion is that this Court is performing the balancing function in Clemons’ case. Without doubt, the sentencer need not be the jury, as the Florida experience teaches. But federal law (not to mention common sense) wholly precludes separation of the power to sentence and the responsibility for weighing and balancing the aggravating and mitigating circumstances. If the sentence is to be the product of the balancing process, then that process may only be performed by he who has authority to sentence.
The answer to the majority is that nothing in Mississippi law gives this Court the authority to impose a death sentence, even in the guise of speculating what the jury would have done, under circumstances never presented to it. Federal law precludes our divorcing the balancing power from the sentencing power and arrogating unto ourselves the latter.
V.
In conclusion, on the combined authority of Cartwright and Section 99-19-101(2) and (3), I would reverse Clemons’ sentence of death and remand to the Circuit Court for a new sentencing hearing.
PRATHER, J., joins in this opinion.
HAWKINS, P.J., joins this dissent as to reversal only.

. What happens to the death sentence imposed on Clemons is the subject of Part IV below.

. Post-Stephens footnote 12 cases to like effect include:

A.Pennsylvania

Commonwealth v. Travaglia, 502 Pa. 474, 467 A.2d 288, 307 (1983): In this case the Court affirmed a death sentence, but in a concurring opinion by Judge Nix cites Zant's footnote 12 and says that the Court should be forbidden to reweigh.

B.Arkansas

Collins v. Lockhart, 754 F.2d 258, 267 (8th Cir.1985). In this case the Eighth Circuit interpreted Arkansas law to say "as a matter of state law, once an aggravating circumstances drops out, the sentence of death must be set aside.”

C.New Jersey

State v. Biegenwald, 96 N.J. 630, 477 A.2d 318, 321 (1984). This case says "improper introduction of a (prior conviction) judgment as an aggravating factor would result in a need for resentencing.”

D.Oklahoma

Johnson v. State, 665 P.2d 815, 827 (Okla.Crim.App.1983). Here the court was "unwilling to speculate as to effect the improper aggravating circumstance (murder for remuneration) had on the jury's recommendation ...” The court modified the sentence to life.
Boutwell v. State, 659 P.2d 322 (Okla.Crim.App.1983). Supreme Court found one aggravating circumstance improperly instructed on, it would not speculate as to what jury would do; rather it modified sentence to life.

. The most charitable statement one may make of the Fifth Circuit’s cryptic footnote in Edwards v. Scroggy, 849 F.2d 204, 211 n. 7 (5th Cir.1988) is that it is wrong.